IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FERENC FODOR,
    Plaintiff,

vs.                                          Case No. 5:12cv28/RS/CJK

BRIAN D'ISERNIA,
    Defendant.

_____

## REPORT AND RECOMMENDATION

This cause is before the Court upon plaintiff's *pro se* amended complaint filed against Brian D'Isernia, the president of Eastern Shipbuilding Group, alleging employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112-12117.  (Doc. 5).  Defendant D'Isernia moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that individual capacity suits are not allowed under Title VII or the ADA.  (Doc. 9).  Plaintiff has responded by submitting evidentiary support for his discrimination claims, but does not address the issue of individual liability under the relevant statutes.  (Docs. 10, 11).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R.

72.2(E).  After careful consideration, the Court concludes that defendant's motion should be granted and this case dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action on February 8, 2012, by filing a complaint on the form for use by non-prisoners proceeding under 42 U.S.C. § 1983.  (Doc. 1).  Plaintiff named four individuals as defendants (Brian D'Isernia, Marvin Serna, Bob Babb and John Long), claiming employment discrimination under the ADA.  Plaintiff identified Mr. D'Isernia as the president of Eastern Shipbuilding Group.  (*Id*., p. 2).  On February 13, 2012, the Court ordered plaintiff to file an amended complaint on the appropriate court form (the Court's employment discrimination form), and advised plaintiff that individual defendants are not amenable to private suit and personal liability for violation of the ADA's employment discrimination provision.  (Doc. 4).  Plaintiff's amended complaint followed.  (Doc. 5).  Plaintiff's amended complaint names one defendant:  Brian D'Isernia.  (Doc. 5, p. 3; *see also* Doc. 1 pp. 1-2).  Plaintiff alleges that defendant D'Isernia discriminated against plaintiff on account of plaintiff's disability and national origin when D'Isernia failed to promote plaintiff, failed to accommodate plaintiff's disability, and terminated plaintiff's employment.  (Doc. 5, p. 3).  As relief, plaintiff seeks $3 million and the following injunctive relief:  a criminal investigation against the defendant "for uttering, forging the plaintiff['s] job application" and an order "forbidding a court action against plaintiff."  (*Id*., p. 6).  Defendant D'Isernia asserts that plaintiff's claims must be dismissed for failure to state a claim, because the ADA and Title VII do not permit individual liability against corporate employees or owners.

## DISCUSSION

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Redland Co., Inc. v. Bank of Am. Corp.*, 568 F.3d 1232, 1234 (11th Cir. 2009). The Court must construe plaintiff's *pro se* allegations liberally. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Plaintiff's complaint, which seeks to impose individual liability against Brian D'Isernia under Title VII and the ADA, fails to state a plausible claim for relief. Suits against individuals are not allowed under Title VII. *See Dearth v. Collins*, 441 F.3d 931 (11th Cir. 2006) (holding that former employee could not sue, or impose individual liability against, president/director/sole shareholder under Title VII; alter ego doctrine does not create an exception to the rule against individual employee liability in Title VII cases); *Hinson v. Clinch Cnty. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) (holding that "[t]he relief granted under Title VII is against the employer, not [against] individual employees whose actions would constitute a violation of the Act.") (internal quotation marks and citation omitted); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (holding that "individual capacity

suits under Title VII are . . . inappropriate"). Similarly, the ADA does not permit individual liability against company employees, or owners of a company. *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) (holding that individual liability is precluded for violations of the ADA's employment discrimination provision; thus, employer's officer could not be held personally liable under the ADA for any discrimination against employee on account of disability).

Accordingly, it is respectfully RECOMMENDED:

1.  That defendant's motion to dismiss (doc. 9) be GRANTED.

2.  That plaintiff's amended complaint (doc. 5) be DISMISSED WITH PREJUDICE under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

3.  That defendant's motion to strike and for case management conference (doc. 12) be DENIED AS MOOT.

4.  That the Clerk be directed to close the file.

At Pensacola, Florida this 4th day of June, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:12cv28/RS/CJK*