# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

FERENC FODOR,

    Plaintiff,

v.                      Case No: 5:12cv28/RS/CJK

EASTERN SHIPBUILDING GROUP,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This case, filed under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112-12117, is before the court on plaintiff's motion for summary judgment (doc. 90). Defendant has responded in opposition to the motion (doc. 103), and has filed a separate statement of facts with supporting materials (doc. 104). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After careful consideration, the undersigned concludes that plaintiff's motion should be denied.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action on February 8, 2012, by filing a complaint alleging employment discrimination. (Doc. 1). Plaintiff filed an amended complaint on February 21, 2012. (Doc. 5). On June 26, 2013, plaintiff filed a pleading titled

"Plaintiff Motion for Leave to Amend to Add Additional Parties and Claims for Punitive Damages and to Amend Pleadings and Spoliation of Evidence and Memorandum of Law," accompanied by a proposed second amended complaint. (Doc. 55 and Attach). On July 9, 2013, the court issued an order granting in part and denying in part plaintiff's motion to amend. (Doc. 62). The court granted the motion "to the limited extent that plaintiff will be allowed to file a second amended complaint adding his proposed claim for punitive damages against the defendant, Eastern Shipbuilding Group." (*Id*., p. 6). The court denied the motion in all other respects after concluding that plaintiff's remaining proposed amendments – adding five individuals as defendants for the purpose of adding a claim of "spoliation of evidence" under Florida law[1] – were futile. (*Id*., pp. 2-4). The court noted that the only allegations plaintiff offered to support his spoliation of evidence claim were paragraphs 12 and 13 of his proposed second amended complaint, which read in their entirety:

> 12  Defendant knowingly altered and forged the plaintiff's original employment application.  Dated:  03-27-2008
>
> 13  Defendant then filed the plaintiff's altered and forged employment application with the EEOC.

(Doc. 55, Attach. Proposed Second Am. Compl., Statement of Facts ¶¶ 12, 13). The court found that plaintiff's allegations were too conclusory, speculative and ambiguous to properly state a claim for spoliation of evidence under Florida law, and denied plaintiff's request to add the proposed claim. (*Id*., p. 4). The court provided plaintiff thirty days in which to file a second amended complaint adding plaintiff's

---

[1]There is no federal cause of action for "spoliation of evidence", there are only discovery sanctions and the ability to argue an adverse inference to the jury.

*Case No: 5:12cv28/RS/CJK*

proposed claim for punitive damages – a claim which was based on allegations entirely separate from those supporting plaintiff's proposed spoliation of evidence claim. (*Id*., pp. 5-6).

Plaintiff filed his second amended complaint on September 4, 2013, adding a claim for punitive damages. (Doc. 89). Consistent with the court's order, plaintiff did not name the individual defendants plaintiff had proposed and did not include a claim for spoliation of evidence. Inconsistent with the court's order, however, plaintiff included his allegations supporting his spoliation of evidence claim (that defendant "altered or forged" his employment application and then filed the "altered and forged" application with the EEOC). Plaintiff also added the following demand for relief which he had not included in the proposed second amended complaint he provided to the court with his motion to amend: "Criminal investigation againt [sic] the defendant for uttering, forging plaintiff employment application", and monetary damages for "criminal act against plaintiff." (Doc. 89, p. 6 (page 8 of ECF)).

On the same date plaintiff filed his second amended complaint, he filed his now pending motion for summary judgment. (Doc. 90). In his motion, plaintiff seeks summary judgment on his claims for disability discrimination, national origin discrimination, and "Uttering Forging Plaintiff Original employment application." (Doc. 90, p. 1). Plaintiff makes a series of allegations, which presumably are the "facts" he cites in support of his motion. To summarize, plaintiff alleges:

a. Defendant produced plaintiff's original handwritten employment applications at hearing before the undersigned on August 29, 2013.

b. Plaintiff testified under oath that the documents defendant produced were not originals but rather were photocopies.

    c.    Plaintiff asked defendant to produce a blank application form and another applicant's form so that plaintiff could compare the layout of plaintiff's original application (produced by defendant) to these other applications.

    d.    Plaintiff requests that the court take the documents defendant produced into custody as evidence and place them in a safe until an expert witness examines them.

    e.    Plaintiff asserts that he will have an expert witness examine the produced documents.

    f.    Plaintiff states that after plaintiff's expert examines the documents, defendant will not be able to "challenge or revise the outcome."

(Doc. 90, pp. 1-2). Plaintiff's motion for summary judgment includes no specific citations to evidence in the record. After setting forth the foregoing "facts," plaintiff claims in his conclusion that he is entitled to summary judgment on all of his claims. (*Id.*, p. 2).

Defendant responds that plaintiff's motion for summary judgment should be denied for the following reasons: (1) plaintiff's motion is procedurally improper in that it does not include a separate, concise statement of material facts as to which plaintiff contends there are no genuine issues to be tried, and plaintiff fails to support his factual allegations with references to evidence, in violation of Northern District of Florida Local Rule 56.1(A); (2) the "fact" on which plaintiff's motion is based – that defendant allegedly "forged" plaintiff's original employment application – is disputed; (3) even if the court assumed plaintiff's "fact" to be true – that defendant did "forge" plaintiff's application – that "fact" does not entitle plaintiff to summary judgment because this is a civil proceeding for employment discrimination, an

alteration to an employment application would not be direct evidence of discrimination, and plaintiff has cited no other evidence to support a finding of discrimination. (Doc. 103). Defendant's response to the motion for summary judgment is accompanied by a separate statement of the material facts as to which defendant contends there exists a genuine dispute. (Doc. 104). Defendant admits that it produced plaintiff's original handwritten employment applications at the August 29, 2013 hearing and that plaintiff testified the applications were not originals but rather were photocopies. (*Id.*, pp. 1-2). Defendant denies that plaintiff made a proper discovery request for a blank application form (to use in comparison to the applications defendant produced at the August 29, 2013 hearing); defendant denies that plaintiff made a proper request for the court to take evidence into custody; and defendant denies that it will be unable to "challenge or revise the outcome" after plaintiff's alleged expert examines the employment applications defendant produced. (Doc. 104, p. 2). Defendant supports its factual statements with reference to the August 29, 2013 hearing and has attached a copy of the relevant transcript excerpts. (*Id.* and Ex. A).

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 sets forth procedural requirements for summary judgment motions, providing, in relevant part: "[a] party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). The Rule cites, for

example, depositions, documents, affidavits, discovery responses, "or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Rule 56.1(A) of the Local Rules for the Northern District of Florida imposes additional procedural requirements on parties moving for summary judgment. Rule 56.1(A) provides, in relevant part:

> (A) Any motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 . . . shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion.
>
> The statement shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source.

N.D. Fla. Loc. R. 56.1(A). The court explicitly set forth the requirements of Local Rule 56.1(A) in its Initial Scheduling Order – repeating them verbatim. (Doc. 37, p. 9).

In resolving a summary judgment motion, the court "reviews the evidence and draws all reasonable inferences in the light most favorable to the non-moving party." *Owens v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*, 477 U.S. at 248, 106 S. Ct. at 2510. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.*

## DISCUSSION

Plaintiff's motion for summary judgment should be denied because it fails to comply with the procedural requirements of Federal Rule 56(c) and Local Rule 56.1(A). Plaintiff failed to submit a separate, short and concise statement of the material facts as to which plaintiff contends there is no genuine issue to be tried, and the statement of facts plaintiff provided within his motion for summary judgment did not reference any evidence in the record or cite to particular parts of materials in the record. The court may deny summary judgment on this basis.

Even if the court views plaintiff's motion generously as containing a statement of facts supported by reference to evidence in the record, plaintiff concedes in his motion that the single "fact" underlying his motion – "the subject documents produced by Defendant are NOT the Originals but photocopies" – is disputed. (Doc. 90, p. 1). Moreover, defendant emphatically denies that it altered or forged plaintiff's original employment applications, and asserts that the documents produced at the hearing were plaintiff's original employment applications. (Doc. 103, p. 3; Doc. 104, p. 1 and Ex. A, pp. 14-35). In addition to plaintiff's conceding that the parties dispute this fact, plaintiff's allegation that his employment applications were forged or altered is not direct evidence of discrimination with regard to plaintiff's termination, and plaintiff cites no other evidence to support a finding of discrimination. *See Tran v. Boeing Co.*, 190 F. App'x 929, 932 (11th Cir. 2006) (holding that supervisor's remark was not direct evidence of discrimination because it "d[id] not specifically address, nor was it made in the context of, Plaintiff's termination from employment") (citing cases). As plaintiff has not shown that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law, summary judgment is inappropriate and his motion should be denied.

# PLAINTIFF'S REFERENCES TO FORGERY AND CRIMINAL CONDUCT SHOULD BE STRICKEN FROM HIS SECOND AMENDED COMPLAINT

Rule 12(f) of the Federal Rules of Civil Procedure provides: "[t]he court may strike from a pleading . . . any immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief . . . or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*. "Scandalous matter" may be that which reflects cruelly upon a party's moral character, uses repulsive language, or detracts from the dignity of the court. *Carone v. Whalen*, 121 F. R. d. 231, 233 (M.D. Pa. 1988).

Plaintiff did not seek, and the court did not authorize plaintiff to amend his complaint to add allegations that defendant forged documents, or to add a claim that defendant uttered or forged documents, or to add demands for relief that are criminal in nature. Plaintiff's reference to forgery and criminal conduct are derogatory, vexatious and only obscure the issues before the court. Criminal claims and criminal penalties are not within the scope of a civil cause of action initiated under Title VII and the ADA. Moreover, plaintiff provides no basis for these offensive allegations. *See, e.g., Stephens v. Georgia Dep't of Transp.*, 134 F. App'x 320, 322-23 (11th Cir. 2005) (affirming district court's striking of portions of plaintiff's motion for summary judgment that made derogatory statements about a witness and accused the witness and defendant's counsel of perjury without providing any basis for the accusations). The court should strike the following matters from plaintiff's second amended complaint: (1) plaintiff's use of the term "forged" in paragraph 12 of plaintiff's

"Statement of Facts"; (2) plaintiff's use of the term "forged" in paragraph 13 of plaintiff's "Statement of Facts"; (3) plaintiff's use of the term "forged" in paragraph 11 of plaintiff's "Factual Allegations"; (4) plaintiff's request for a "criminal investigation" in his "Request for Relief"; and (5) plaintiff's request for monetary damages for "criminal act against plaintiff" in plaintiff's "Request for Relief." (Doc. 89).

Accordingly, it is respectfully recommended:

1. That plaintiff's motion for summary judgment (doc. 90) be DENIED

2. That the following matters be STRICKEN from plaintiff's second amended complaint (doc. 89):

> a. plaintiff's use of the term "forged" in paragraph 12 of plaintiff's "Statement of Facts";
>
> b. plaintiff's use of the term "forged" in paragraph 13 of plaintiff's "Statement of Facts";
>
> c. plaintiff's use of the term "forged" in paragraph 11 of plaintiff's "Factual Allegations";
>
> d. plaintiff's request for "criminal investigation against the defendant for uttering, forging plaintiff employment application" in plaintiff's "Request for Relief"; and

   e. plaintiff's request for monetary damages for "criminal act against plaintiff" in plaintiff's "Request for Relief."

At Pensacola, Florida this 20th day of December, 2013.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties</u>. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).